His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
Plaintiff was the owner in her own name and in her separate paraphernal right of a certificate for three full paid shares of the capital stock of the defendant corporation, a homestead association organized under Acts 115 and 151 of 1888 and 120 of 1902. She endorsed the certificate in blank, that is, she affixed her signature and nothing more upon the reverse of it, and delivered it thus endorsed to her husband with whom she was then living, who thereupon presented same to the Homestead Association for “withdrawal,” that is, for the purpose of having the stock cancelled and retired and of receiving in return the amount that had been paid for same, namely, the face value of the shares. See Act 120 of 1902, Secs. 7 and 8.
The Homestead Association cancelled and retired the stock thus surrendered and, at the direction of the husband, passed the withdrawal value thereof to the credit of his personal and individual account upon its. books, treating -and dealing with the husband,, with respect to this transaction, as the holder and owner of the stock by assignment from his wife. Both husband and wife and their marital relation were known to the office, representing the defendant in the matter.
Plaintiff, the wife, sued for and secured below a judgment against defendant for the value of the stock and defendant presently appeals.
It is clear that the transfer during marriage by the wife to the husband by endorsement and delivery constituted *382 either an intersponsal sale or an interspousal donation.
As a sale it was null under R. C. C., 2446 and conferred no title in the husband, since it is not pretended that this is one of the three instances wherein husband or wife may sell to one another.
On the other hand, regarded as a donation and pretermitting any inquiry as to the necessity of a notarial act, it was subjected as such during the marriage to the right of revocation that the wife is now exercising under R. O. C., 1749, and which she is entitled' to pursue against third possessors having knowledge of the character of the title, irrespective of whether the donation be by manual gift or in more solemn form.
Succession of Hale, 26 An., 195.
Leverett vs. Loeb, 117 La., 31.9-12.
Consequently whether treated as a donation or as a sale, the title, if any, acquired by defendant is not such as will afford it protection against the demand of the wife for the restitution of her stock or its value.
We fail to perceive wherein any question of agency between husband and wife is involved. In the first place there is no proof whatever of such agency; and in the next place the delivery to the husband of the certificate duly endorsed in blank, not only constituted on its face a transfer of title to the husband within the purview of the Uniform Stock Transfer Act (180 of 1910, Sec. 1), but was treated as such by the defendant when it ‘credited the proceeds of the stock, not to the wife, but to her apparent transferree, the husband, individually.
There is likewise no merit in the contention that the transaction is valid because Act 74 of 1894 relieves from the effect of R. C. '0., 1749 and 2446, transactions between husband and wife involving stock shares in Home *383 stead Associations. The purpose and effect of that statute, as announced in its title, is merely to enable the wife to act without the authority or assistance of the husband.
Opinion and decree, May 29th, 1916.
Rehearing refused, June 12th, 1916.
Notice of intention to apply for a writ, June 15,1916.
Nor is the defendant shielded by the provisions of Act 215 of 1912. That statute protects a corporation against the assertion of “undisclosed or latent’’ equities and cannot be extended to a case where the vice in the title is patently revealed by the nature of the transaction itself.
Finding no error in the judgment, it is accordingly affirmed.
Judgment affirmed.